Oh counselor both appearing by video I guess on this case is that correct that is correct your honor okay I believe that the appellant is mr. Handy please proceed good morning your honors my name is Russell Handy I represent mr. Fernandez and I'd like to reserve two minutes of my time for rebuttal okay keep it on the clock thank you your honor the in this case we're appealing the grant the award of attorneys fees to the defendant our basis for doing so is that the case was not frivolous or lacking foundation and therefore didn't meet the Christian Berg standard for awarding fees to a prevailing defendant in an ADA case the court's order granting fees is very short it's a page and a half and in that order the court says that he finds that the judge found that the case lacked foundation was privileged because in fact the even though it we so we admitted that you never enter the store the court said you have to enter the store if you don't enter the store you do not have you have not personally encountered or obtained personal knowledge of the alleged accessibility barrier thus failing to meet the basic threshold element of having standing to sue and quote that's at er3 we have a problem with that for a couple reasons first of all this court the Ninth Circuit has repeatedly held that first of all to have standing you do not have to have a personal encounter the Creek decision in 2017 the big one can take held that you do not have to have a personal counter in that case they never even went to the hotel those plaintiffs called and just found out that the shuttles were inaccessible in the in the and in numerous other case that was just one of a line of cases where if you have actual notice if you've been given notice by experts by third parties or anyone you can have standing to us to to allege ADA counsel with respect let's say you're right there are some cases that suggest that under certain circumstances physical presence is less important but in this case your client made an allegation which was a lie and admittedly so didn't the court have the right to say hey you didn't this didn't happen to you it was a lie you've not been injured under Lujan you have no standing what's the problem is and this is an argument we've had on scores of cases where do you draw the line between personal counter and deterrence so our position is as we said in our briefs as the court pointed out we we admit our client didn't enter the store but he went to the store and so this is this is a small furniture store right on Malibu Road just feet from the public sidewalk there that runs along it with big full-length floor-to-ceiling glass windows he went to the store he saw that it was completely inaccessible he has no path to travel in there and he left and he brings these claims we alleged that's a personal encounter right it could be also framed as deterrence and we've had this argument in parking lot cases our client pulls into the parking lot does not attempt the park because there's no access aisle and leaves is that deterrence or personal encounter or when they see physically see their steps and no ramp do they have to bang their wheelchair against it at what point do we cross the line from personal encounter to deterrence so we allege personal encounter we think it's in our minds if you go to the site it's a personal account so did you appeal the underlying decision by the district court that there was no standing in this case or are you just appealing the fees award just just appealing the fees award your honor and and and so again I know it's quibbling about what's personal encounter what's deterrence but there's no finding that our client didn't go to the site it's just they never entered the store and the court found if you didn't enter the store you don't have you don't have a standing council you were directed the court directed to consider the argument that if there was no standing then the court had no authority to award fees that is correct and looking into it I think there's an excellent argument for that the scaffers what are you basing that argument on then here a quote a court that lacks jurisdiction at the outset of a case lacks the authority to award attorneys fees and quote that's scaffers is meridian 506 f3 832 at 837 9th Circuit Post opinion 2007 and there's a line of those cases the Kohler versus bed bath and beyond case also found that why isn't that your primary argument here that the court found that it lacked that that your client lacks standing to bring a claim and so why isn't it your primary argument here that fees are inappropriate because the court does not have jurisdiction it should have been and and I'm making my argument now that the courts raised the issue I think there is a jurisdictional question here that the court should address and it should be a primary argument and I and I and although I didn't draft the opening brief I wish that it had found its way into the opening brief but but it should be a primary argument should be a threshold issue this court said you don't even have standing and that was basically the basis of its ruling and if the courts going to find that there's not even standing to bring the case then according to 9th Circuit Post opinion there shouldn't be standing to award attorney's fees as well Kelly counsel uh by my lights the the strongest argument against your case is California Association of physically handicapped Inc versus FCC in that case we found that the district court erred when it denied attorney fees under the why wouldn't that same reasoning apply here unfortunately I'm not familiar with that rehabilitation case and and I don't know if there's distinguishing factors between title three of the Americans with Disabilities Act and section 504 the Rehabilitation Act so I don't have the ability to distinguish it as I sit here today so I'm just not familiar with that case I'm just citing to the the the cases out here that that are exist another one is all over versus in and out burgers but a court that dismisses an action for lack of jurisdiction due to standing does not have authority to award attorney's fees therefore the court lacks authority to award in and out attorney's fees under the ADA let me ask you let me ask you this doesn't 42 USC 12 to I'm sorry 12 to 05 provided the court can award prevailing fees in any action pursuant to the ADA it does but it's been but the Supreme Court and this court in Brown versus Lucky stores has said that even though the user were prevailing prevailing party or a prevailing defendant to it to be entitled to fees it's a it's a much higher standard in these civil rights cases it has to be a case that lacks foundation is frivolous or lacks merit and so it's there's no question that it's a it's a much more difficult and that's been reiterated by this court on just scores and scores of occasions and so it's not just whoever wins gets their fees prevailing defendants have have a much higher threshold the court literally has to lack merit let me ask you this let's assume for a minute that you're the district judge and you find that you're you're the plaintiffs counsel lied there's no basis for standing and you feel that it's fees are appropriate what should the court have done rule 11 is that what should have happened here from your perspective if the court was gonna was good thinking about issuing sanctions it would have given us a chance to respond and we would have right what I mean would it be on the basis of a rule 11 sanction yeah and we would have the opportunity to brief the court and say you're actually wrong your honor if you go to the site right that that can constitute personal encounter and you have standing even if we reframed it as a deterrence I saw it fit I actually viewed it and it was therefore deterred and maybe that's different than encounter like physically engaged with and so it would be unthinkable there would be sanctions awarded in this case your client didn't say that your client lied said something different you're creating a new scenario here well first of all the court did not did not use that language and I don't and I don't think it would have been appropriate the court said and I'm looking at the actual thing says plaintiff alleged this complaint that he visited defendant store he now admits his opposition that he never entered the store and that was the distinction that your client then admitted and the court noted that he admitted that what he said before wasn't true I know that is a lie isn't that correct no I don't think so your honor we allege a personal encounter we never alleged a complaint he entered the store we allege personal encounter and we believe isn't that a reasonable reading of your complaint though counsel that he'd entered the store if you look at your complaint and read it wasn't that a reasonable conclusion that you were saying that the plaintiff entered the store certainly raises the question I can see that you say you have a personal encounter what does that mean now this is a personal encounter with inaccessible routes of travel so how do you have a personal encounter you have to start stop short of them you're not actually in those routes have to travel and and we explained that in the briefing and so but the you know the and the court said we never entered the store you don't have standing and I'm just saying that's you want to save any of your time it's up to you but I do I do your honor I'll reserve the rest of my time if that's okay with the court very well all right mrs. Dobson please thank you your honors and may it please the court I wanted to point out that the court does actually address very similar to the facts and bond versus pulsar video productions at 50 Cal up 4th 918 that this case is based upon the lie because in paragraphs 10 and 17 of the complaint the plaintiff does allege that he visited our store and then he admits in his opposition brief to the motion for attorney's fees that he never actually entered the store in the underlying motion for summary judgment the court actually inquired on page 3 of the ruling she says all that he needed to do was submit a declaration swearing under oath that he did in fact visit the store in November of 2020 and he did not do so so under bond versus pulsar the court ruled that in effect in the central premise of a claim was a lie that attorney's fees can be awarded and it's based upon 12 to 5 on 42 USC 12 to 0 5 and under rule 11 so in this case there weren't rule 11 sanctions here though counsel correct the sanctions were imposed pursuant to the ADA but isn't there a case law in the circuit and dicta and scaf and then in an unpublished opinion Molsky that when the court concludes that there's no standing and there's no jurisdiction that means then they have no jurisdiction to award fees that's the court that's the question we ask the parties to consider and how do you respond to that under scaf I believe that the court in scaf that this is very similar to that case wherein the barrier in our case was not a permanent barrier was temporary barrier similar to the facts in scaf where a mere delay during the correction of a problem does not know it's not it doesn't have anything to do with the barrier the question is jurisdictional if you don't have jurisdiction because of lack of standing than those courts suggest that that fees can't be awarded unless there's some independent sort of jurisdiction to award fees could you now come back and make a rule 11 sanction motion if we were to determine that the court impermissibly awarded fees under the ADA I believe that week that we could based upon the court's reasoning that the allegation of the complaint indicated that he did visit the store and then there was the admission later in the motion for attorney fee opposition that he never visited the store so I think based upon that alone that's similar to the bond case that I pointed out wherein the central premise of the case was a lie and under 12 205 we would and rule 11 we would be entitled to our attorneys fees but do you agree no that's okay go ahead do you agree that there was no jurisdiction the court having found no standing there was no jurisdiction to award fees do you agree with that premise your honor under I do not I believe that there was jurisdiction because of the case that I cited bond versus pulsar video productions I believe that that the court did have jurisdiction because the court found that this at the time that this case was filed which is when standing is determined that the court that this was filed without foundation and it was never actually visited our client store council I don't think you're answering my colleagues question let me ask a slightly different aspect of the same thing there's a case of Branson versus not that specifically says and I'm quoting where there is no subject matter jurisdiction to proceed with a substantive claim as a matter of law that lack of jurisdiction bars an award of attorney fees isn't that your problem here and what's your answer to that I hear what you're saying your honor my answer to that is under the case that is more similar to our case the bond versus pulsar video case that because the central premise of this case was a lie that the court did have jurisdiction to award attorneys fees let me ask you a slightly different question which is that your friend on the other side didn't raise this issue in his brief or argument to this court and so I'm curious to know your your thoughts and your argument on whether or not we can decide this appeal on a lack of jurisdiction when it wasn't raised by by the appellant obviously your honor we believe that it should have been raised in the opening brief so that we would have had an opportunity to respond to it but we do believe that the court did address in the ruling on the motion for attorney sees the basis for finding that this claim was brought without foundation from the start which entitled our client to recover its fees on page two of the order so what you're saying is that we can decide the jurisdictional issue and and you're urging us to find that the court had jurisdiction to award yes yes your honor and that is based upon the central premise of the case that upon the bond ruling wherein the central premise of this claim was indeed a lie as admitted by the plaintiffs you seem to be relying on the fact that they lied is that what gives us jurisdiction I think that the court when the court made its ruling one of the things that the court looked at was under the Chris Christian Berg standard whether or not this matter was frivolous unreasonable or without foundation the court actually specifically rules ruled that based upon the lie alleging that you did visit the store and then admitting later that you did not visit the store that the claim was filed without foundation from the start but I with respect you seem to be arguing this is the standing issue in the first place whether the district court was correct and let's just say all of us agree that that's not before us because it wasn't appealed we're really talking just about the attorney fees and the question is since there was no standing and the district court awarded attorney fees after it determined it didn't have subject matter jurisdiction do we have jurisdiction that's right that's the question before us what's your best response to that I believe that the court does have jurisdiction under International Union of Petroleum workers industrial workers 707 and second 425 because we allege that the courts finding that the action was brought without foundation is the equivalent to the standard in International Union of Petroleum industrial works wherein the court found that the action was frivolous and therefore could award attorneys fees based upon the fact that matter was brought but counsel with respect this is a circular you're just going back and telling us why the district court found there was no standing in the first place that's why he awarded attorney fees he thought this was a frivolous case it was a lie but the question on appeal is do we have jurisdiction to consider the and the district court has found it had no subject matter jurisdiction our case law seems to say that we don't and the cases that you're citing at least to my lights don't solve that problem what am I missing I hear what you're saying your honor and we do believe that the court had jurisdiction under 42 USC 12 205 we do believe that the court had jurisdiction because in its discretion it was able to award fees after finding that we had that we were entitled to recover our fees and our non-taxable costs because of the central finding of the lower court that the action was brought without merit you have other argument I just wanted to distinguish this case from a case that was brought up by the appellant which is the Langer versus Kaiser case and we believe that this case is different from Langer versus Kaiser because in that case the court was talking about the tester status of the plaintiff and was talking about the serial filings of the plaintiff and this submit anything to the court regarding this issue of whether or not he had standing in the opening brief they point out that that it was well understood that the client had viewed the store from his vehicle but the court points out that he did not submit a declaration on indicating such and felt and by failing to do so was essentially indicating that actually okay your time is expired let me ask my colleagues whether either has additional questions I think not so thank you so we'll now turn to mr. handy for rebuttal just just quickly a couple points your honor first of all I've looked up the bond versus Pulsar video products case it was brought in California court they sought fees under government code section one two nine six five code of civil procedure one two eight point five does not involve standing in federal court does not involve any of these things I don't see any in any way to link these two with respect to it's true we did not submit a declaration in opposition to the motion for summary judgment declaring that he you know this distinction between encounter and deterrence but we had filed a rule 56d application because it was so early in the case and we had outstanding let me ask you the same question that I asked your colleague on the other side which is your failure to raise the jurisdictional issue at all does that bar our ability as a court to decide this appeal on that basis now I don't think so I think the court may even have an independent duty to assess jurisdiction at every stage in the case I think I've I've grappled with you know cited those things before I don't have a site in front of me but I think this at every stage of the case and so I don't think that's a waivable defect very well the time is expired do either of my colleagues have additional questions thanks to both counsel for your argument in this case the case of Fernandez versus two three six seven six Malibu Road at all is submitted and thank you thank you I think I submitted this case but just to be sure Ibarra versus Garland is also submitted
judges: SMITH, DESAI, Amon